UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO:

MICHELLE LINEBERGER

      Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY

      Defendant.
_____/

## COMPLAINT

Plaintiff, MICHELLE LINEBERGER, ("LINEBERGER") files this Complaint against AETNA LIFE INSURANCE COMPANY ("AETNA") and states as follows:

1. This is a civil action arising under the laws of the United States pursuant to 28 U.S.C. Sect. 1331. Pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA," below), 29 U.S.C. Sect. 1001 *et seq*., and 29 U.S.C. Sect. 1161 (COBRA) LINEBERGER brings this action to recover long term disability income benefits and related benefits under certain employee welfare benefit plans, to enforce her rights under the terms of such plans and to clarify her rights to future benefits under the terms of such plans.

2. At all times material to the present action LINEBERGER has been a resident of Sarasota County, Florida, lying within the Middle District of Florida. Pursuant to 29 U.S.C. Sect. 1132(e) this action is brought in the United States District Court for the Middle District of Florida, in which district the breach and/or breaches took place.

3. At all times material to this action LINEBERGER was a "participant," as defined

under 29 U.S.C. Sect. 1002(7), in one or more "employee welfare benefit plan[s]," as defined under 29 U.S.C. Sect. 1002(1), providing disability income benefits and medical and/or dental benefits to disabled plan participants.

4. LINEBERGER with the assistance of Aetna Disability and Leave Management (AD&LM) applied for long term disability benefits under the Aetna Inc. Long-Term Disability Benefits Plan (The "Plan").

5. LINEBERGER was eligible under the plan.

6. AETNA denied her Long-Term Disability benefits.

7. LINEBERGER timely appealed.

8. Thereafter, on January 14, 2019 AETNA advised LINEBERGER that the prior decisions to deny her Long-Term Disability benefits in claim no. 18051510 were being upheld.[1]

9. LINEBERGER timely filed this Complaint.

10. LINEBERGER contends that AETNA's determination that "chronic alcohol use" caused the disabling condition is false, contrary to competent medical evidence and otherwise not supported by the administrative record.

11. As set forth in the medical records previously provided to AETNA, Plaintiff has a genetic disorder of hemochromatosis. She did not cause her liver issue and AETNA's continued failure to pay her benefits have caused significant harm to the Plaintiff.

12. Plaintiff was first diagnosed with a genic disorder hemochromatosis in 2010 and then in July 2017 she was in stage 3 liver failure.

13. At the time Plaintiff sought disability benefits from her employer she was 44 years old, and mother to three minor children.

---

[1] Given the confidential nature of LINEBERGER's medical condition this exhibit is not being attached.

14. AETNA is the Plan Sponsor and Administrator.

15. As set forth in the Plan, AETNA, "delegates to Hartford Life and Accident Insurance Company discretionary authority to review and make its initial benefits determinations."

16. Under the Plan, AETNA identifies itself as the Plan Administrator and delegates Aetna Life Insurance Company as the discretionary authority to review and make initial and final determinations for Disability Benefits under the Plan.

17. Prior to her disabling condition, LINEBERGER was a Field Sales Executive with Aetna. She worked for approximately 10 years as a well-regarded and high performing employee.

18. LINEBERGER employee number was A144095.

19. As a result of her condition she was granted medical leave and was approved for Short Term disability under AETNA's Plan. She received benefits from February 14, 2018 until the expiration of 26 weeks, until August 15, 2018.

20. Her medical leave and disability are related to a genic disorder not alcohol abuse.

21. AETNA makes the final decisions on claims for long term disability benefits made by participant under the Plan.

22. The Plan includes the following key terms:

    a. Short Term Disability (STD) benefits of 30-month period that includes a one week waiting period; 25 weeks of benefits;

    b. Long Term Disability (LTD) benefits of 24 months;

    c. Disabled employee can continue coverage being billed monthly for long

        term coverage;

    d.    The administrator has the right to construe and interrupt the plan, decide eligibility and amount of benefits;

    e.    There is no need to file a separate claim for LTD;

    f.    If claim is denied, the administrator has to supply specific written reasons for the denial, advise of any additional material that is needed to perfect the claim, etc.;

    g.    If there is a claim review after a denial appeal, the administrator has 45 days to review the claim and make any provisions an adjustment to the claim decision;

    h.    No legal action is to be brought to recover any benefit under the plan after three years from the deadline for filing claims;

    i.    Plan covers Disability due to a non-work-related illness; and

    j.    Disabled employee may continue coverage under the Aetna Inc Voluntary Benefit Plan and will be billed for their coverage.

23.    LINEBERGER has fulfilled all conditions precedent to the filing of this action, and all administrative remedies under such plans are and/or are deemed exhausted.

## COUNT I – BREACH OF CONTRACT
## ERISA

24.    Plaintiff realleges paragraphs 1 to 23.

25.    LINEBERGER is entitled to recover past unpaid benefits due her under the Plan, together with interest, and to an award of the extension of medical benefits under the Plan. LINEBERGER is entitled further to an order enforcing her rights under such plan and clarifying

her rights to future benefits under the Plan and the extension of medical benefits under the group health plan and Voluntary Benefit Plan under 29 U.S.C. Sect. 1132(a)(1)(B).

26.  In addition to the denial of long-term benefits under the Plan, AETNA also removed LINEBERGER's dependent children off her health insurance plan. This occurred while Ms. LINEBERGER was employed and on medical leave for a serious health condition. While her health insurance has remained intact for her, AETNA removed her dependent children. LINEBERGER made numerous efforts to reinstate her children on the health plan, offering to cover an employee cost. She was told in her most recent call that AETNA could not even access her employee file.

27.  LINEBERGER and LINEBERGER 's counsel has reached out to rectify the situation.

28.  LINEBERGER was at one time provided with a COBRA notification, but when she tried to exercise her rights she was told by several members of the Aetna team that they could not process her COBRA information or payment because she was still listed as a covered, employee under the insurance.

29.  LINEBERGER seeks to reinstate the benefits for her children.

30.  LINEBERGER has been forced to retain one or more attorneys to represent her in the present action and is entitled to an award of reasonable attorney's fees and the costs of this action from Defendant, under 29 U.S.C. Sect. 1132(g)(1).

WHEREFORE, LINEBERGER prays for an award of disability benefits from Defendant together with interest thereon, for an order declaring LINEBERGER disabled under the Long-Term provisions of the Plan, for an extension of benefits under the Group Health Care Benefit

Plan and/or Dental Plan, to reinstate her children's health benefits and for an award of attorney fees and costs against Defendant.

## COUNT II
## COBRA VIOLATION

31.     Plaintiff realleges paragraphs 1 to 23.

32.     In addition to the denial of long-term benefits under the Plan, AETNA also removed LINEBERGER's dependent children off her health insurance plan. Her children were qualified beneficiaries. This occurred while Ms. LINEBERGER was employed and on medical leave for a serious health condition. While her health insurance has remained intact for her, AETNA removed her dependent children. LINEBERGER made numerous efforts to reinstate her children on the health plan, offering to cover an employee cost. She was told in her most recent call that AETNA could not even access her employee file.

33.     LINEBERGER and LINEBERGER's counsel has reached out to rectify the situation.

34.     LINEBERGER was at one time provided with a COBRA notification, but when she tried to exercise her rights she was told by several members of the Aetna team that they could not process her COBRA information or payment because she was still listed as a covered, employee under the insurance.

35.     LINEBERGER seeks to reinstate the benefits for her children.

36.     COBRA requires that a "plan administrator" notify a "qualified beneficiary" of his/her right to continuing health care coverage within fourteen (14) days of its notification that the beneficiary has experienced a "qualifying event." *See* 29 U.S.C. § 1166(a)(4) and (c).

37.     Here, the Plan's "plan administrator," failed to notify Defendant for her minor

children.

38. .As a result, the Defendant's failures, the beneficiaries were denied their right to elect continuing health care coverage under the Plan.

39. As a direct and proximate result, the Plaintiff has suffered damages, including but not limited to, the expenses incurred for medical bills and replacement health insurance, as well as attorney's fees and the costs of this litigation.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court, pursuant to 29 U.S.C. § 1132(c), award any and all relief that it deems just and proper, including, but not limited to:

a) Reimbursement of all medical expenses incurred from the date of the qualifying event for 18 months thereafter;

b) $100.00 per day, along with the damages to be assessed against the Defendant;

c) Prejudgment interest for failing to give notice to elect continuing coverage;

d) Attorney's fees and the costs of litigation, including the costs incurred by the Plaintiff for any expert witness fees; and,

e) Any other equitable relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a trial by jury.

DATED this 28th day of February 2020.

Respectfully Submitted,

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

                <u>s/Cathleen Scott</u>
                Cathleen Scott, Esq.
                Florida Bar No. 135331
                Primary e-mail: CScott@scottwagnerlaw.com
                Secondary e-mail: mail@scottwagnerlaw.com
                Secondary Address: 101 Northpoint Parkway
                West Palm Beach, FL 33407
                www.ScottWagnerLaw.com